IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**ELDEN WOLFORD,**

    **Plaintiff,**

v.

**CARDINAL HEALTH, INC.,**

    **Defendant.**

**CIVIL ACTION NO.** 3:21-cv-00592

**JURY TRIAL DEMANDED**

## COMPLAINT

Your Plaintiff, Elden Wolford by his counsel, Hoyt Glazer, Esq. of Glazer Saad Anderson L.C. files this legal action against the Defendant, Cardinal Health, Inc. ["Cardinal"]. Your Plaintiff seeks redress and remedy arising from the Defendant's deliberate failure to comply with the provisions of The Family and Medical Leave Act of 1993 ("FMLA") and the public policy and common law of the state of West Virginia prohibiting illegal FMLA discrimination. Mr. Wolford requests a jury trial and relief sufficient to remedy the unlawful employment practices of the Defendant.

## PARTIES

1. Plaintiff, Elden Wolford, is a citizen and resident of Cabell County, West Virginia.

2. Defendant, Cardinal, is an American multinational, health care services company with its American headquarters in Dublin, Ohio. The company distributes pharmaceuticals and medical products across the world, and does business in West Virginia.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this civil action under Article III, §2 of the United States Constitution and 28 USC §1331.

4. Venue is appropriate in this case under 28 USC §1391(b) because Defendant does business in Huntington, West Virginia, which is in the Southern District of West Virginia.

## ALLEGATIONS OF FACTS

5. In 2004, Mr. Wolford started his employment with Cardinal in its nuclear pharmacy technical division.

6. Mr. Wolford worked full, 40-hour weeks and, as of his termination date, earned approximately $19.40 and received health and pension benefits, including stock options.

7. At all times, Mr. Wolford met the Defendant's reasonable expectations of him, and met or exceeded the requirements of his position throughout his 16 years of employment.

8. At the end of August of 2021, Mr. Wolford's wife, Trisha, suffered a brain bleed, which required her admission to the hospital on August 25, 2021.

9. Mr. Wolford immediately notified his supervisor, Mr. Christopher Nelson, that he would be unable to report for work because he needed to take his wife to the hospital.

10. Mr. Nelson replied a few minutes later and told Mr. Wolford to take care.

11. On Thursday, August 26, 2021, Mr. Wolford notified Mr. Nelson and the Defendant that he needed to take the rest of the week off from work in order to provide care for his wife.

12. Mr. Nelson replied that he would enter "16 hrs pto sick" into the system for Mr. Wolford.

13. On Friday, August 27, 2021, Mr. Nelson sent another text to Mr. Wolford stating that he would need to call "the hr specialist to start your leave and let them know what's going on and that u have been out 2 days already as soon when you can."

14. Mr. Wolford replied that he would contact HR on the following Monday because he and his wife were at hospital waiting an MRI.

15. On Saturday, August 28, 2021, Mr. Nelson texted Mr. Wolford the number for hr to start "the FMLA request."

16. On Sunday, August 29, 2021, Mr. Nelson requested Mr. Wolford to notify him to determine if he would need the upcoming week of and to start his FMLA leave request.

17. Responding later that day, Mr. Wolford texted Mr. Nelson that "Yes, I will not be back for a bit. . . will be calling hr tomorrow to start it. She had stroke also. Also she has clots in her lungs."

18. Despite Mr. Wolford's requesting an application for FMLA, the Defendant never sent Mr. Wolford the same.

19. Given his understanding that his absences from work were excused to provide care for his wife, Mr. Wolford remained off work from August 30, 2021 through September 3, 2021.

20. On Tuesday, September 7, 2021, Mr. Wolford contacted Cardinal's human resources to notify it that he would not need FMLA. This was because Mr. Wolford's daughter was now available to care for his wife.

21. On September 10, 2021, Mr. Wolford received word that he had been suspended with pay; Mr. Wolford attempted to call Cardinal's Human Resources on September 10 and again September 13, but did not receive any answers concerning his alleged suspension.

22. On September 14, 2021, Mr. Wolford received a call from a "Jim" with Cardinal notifying him that it had terminated him; Cardinal alleged Mr. Wolford had unexcused absences.

23. During the call, Mr. Wolford explained that he had notified Cardinal of his wife's serious health condition, and that he had taken off work to provide care for her.

24. Cardinal's representative did not address Mr. Wolford's concerns, and simply referred him to its human resource department.

25. As a result of Cardinal's termination of him, Mr. Wolford has lost wages, benefits, and will continue to suffer wage loss until he finds suitable employment.

**COUNT I: INTERFERENCE WITH PLAINTIFF'S RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT OF 1993**

26. Plaintiff incorporates the previous paragraphs as if set forth herein.

27. At all times mentioned, Plaintiff was qualified and eligible to take leave under the FMLA to care for his wife's serious hospital condition, which resulted in a several, day hospital stay.

28. Plaintiff's wife has serious health conditions as defined in the FMLA. 29 C.F.R. §825.113.

29. Prior to and at the time of his termination, Plaintiff had been employed by Defendant longer than twelve (12) months and had worked at 1250 hours of service for Defendant during the past twelve months.

30. Defendant is and was a covered employer under the FMLA, and employed 50 or more people within 75 miles of the location where Plaintiff was employed.

31. The FMLA requires that "[w]hen an employee requests FMLA leave, or when the employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer **must notify** the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances." 29 C.F.R. §825.300(b)(1) [emphasis added].

32. Under 29 C.F.R. §825.300(b)(1), the notice "must state whether the employee is eligible for FMLA leave." If the employee is not eligible, the notice "must state at least one reason why the employee is not eligible." Id. §825.300(b)(2).

33. The employer must also provide notice of the employee's rights and responsibilities under the FMLA each time eligibility notice is required/provided. 29 C.F.R. §825.300(c).

34. Plaintiff requested a medical leave of absence (FMLA leave) to provide care for his wife's serious health conditions and/or supplied sufficient notice about her condition such that it required Defendant to provide FMLA eligibility notice and rights and responsibilities notice to Plaintiff.

35. At no time did the Defendant provide FMLA's statutorily required notice to Plaintiff, resulting in prejudice to Plaintiff and impairment of his legal rights because he could not make informed decisions about his medical leave, which includes, but is not limited to the duration of his protected FMLA leave.

36. Defendant's actions against Plaintiff up to and including his termination were reckless and in deliberate disregard of the FMLA's notice provisions.

37. Defendant placed improper requirements on Plaintiff and/or disregarded its duty to provide Plaintiff with proper FMLA notice, and then terminated Plaintiff for taking time to care for his wife and her serious health conditions. In so doing, Defendant knowingly and deliberately interfered with Plaintiff's FMLA rights.

38. Defendant failed to provide Plaintiff with the required, individual notice of his rights and eligibility to take FMLA leave to care for his wife's serious health conditions.

39. Defendant's termination of Plaintiff when it knew he needed leave and/or at a time when he notified Defendants that he had a condition(s) requiring ongoing treatment was reckless and in deliberate disregard of the FMLA's notice provisions and Plaintiff's rights under the FMLA.

40. In terminating Plaintiff when Defendant knew he was eligible for FMLA, Defendant

interfered with and violated Plaintiff's rights under the FMLA, which caused Plaintiff prejudice, and Plaintiff seeks all appropriate relief as requested in his prayer for relief.

### COUNT II: RETALIATION FOR EXERCISING RIGHTS AND ENGAGING IN PROTECTED CONDUCT UNDER THE FAMILY AND MEDICAL LEAVE ACT

41. Plaintiff incorporates the previous paragraphs by reference as if set forth herein.

42. Before requiring FMLA leave and notice, Plaintiff had been employed by Defendant for longer than 12 (twelve) months and had worked at least 1250 (twelve hundred fifty) hours of service for Defendant during the previous twelve-month period.

43. When Mr. Wolford notified Defendant of his wife's serious health conditions and his need to take time off from work to care for her, he gave adequate and proper notice of his need to take a leave of absence from work under the FMLA.

44. When Plaintiff requested and/or required FMLA leave, he was qualified and eligible for FMLA leave.

45. In seeking FMLA leave, Plaintiff engaged in conduct protected under the FMLA that entitles him to all relief available under the FMLA.

46. Defendant took adverse action against Plaintiff up to and including termination because Plaintiff requested and/or was eligible for FMLA leave.

47. Defendant's reason for terminating Plaintiff resulted from its improper determination of his absences as non-FMLA qualifying and/or its refusal to provide Plaintiff proper FMLA notice.

48. Defendant's conduct up to and including terminating Plaintiff is and was in bad faith, malicious, reckless and purposefully indifferent to Plaintiff's FMLA rights, and he seeks relief as set forth below.

## COUNT III: RETALIATORY DISCHARGE

49. Plaintiff incorporates the previous paragraphs as if set forth herein.

50. Before his termination by Defendant, Mr. Wolford had performed all conditions, covenants, promises, duties and responsibilities required of him and in accordance and conformity with Defendant's legitimate expectations.

51. In striving to comply with his duties as an employee and with the Family and Medical Leave Act, Plaintiff notified Defendants of his need for FMLA.

52. Plaintiff's discharge followed his protected activity (request for FMLA) within such a period of time (a few days after he had taken leave to care for his wife) that the Court can make an incredibly, strong inference of retaliatory motivation.

53. The Defendants' treatment and termination of Plaintiff is a retaliatory and wrongful discharge in violation of the public policies embodied in the FMLA. *Vandevander v. Verizon Wireless, LLC*, 149 F. Supp. 3d 724, 731 (S.D.W.Va. 2016)(Chambers, J.)(noting FMLA provides a substantial public policy sufficient to support a West Virginia common law claim for retaliatory discharge in violation of public policy); *Collins v. Defendants Home Ctrs., LLC*, 2017 U.S. Dist. LEXIS 201430 (S.D.W.Va. December 7, 2017)(Chambers, J.)(Following *Vandevander*).

54. As a direct and proximate result of Defendants' intentional, discriminatory, and retaliatory acts against him, Plaintiff has suffered and continues to suffer injury, including, but not limited to, loss of past and future earnings and other benefits of employment, anguish, pain and suffering, humiliation, loss of enjoyment of life, costs associated with obtaining employment, embarrassment, damage to her reputation and other past and future pecuniary losses. Wherefore, Plaintiff seeks relief as set forth below.

55. Defendants and their agents knew or reasonably should have known that their actions taken against Plaintiff were false, wanton, willful, and malicious and designed and intended solely to harm him.

56. Defendants' actions are and were indifferent to Plaintiff's rights under the public policies embodied in FMLA. Wherefore, Plaintiff seeks punitive damages and relief as provided below.

## PRAYER

WHEREFORE, Plaintiff seeks relief as set forth below:

On Counts One and Two, grant Plaintiff back wages, liquidated damages, compensatory damages, reinstatement and/or front pay, the costs of litigation, including court costs, any expert witness fees, reasonable attorneys' fees, and all other remedies allowed under FMLA;

On Count Three, grant Plaintiff actual damages for lost wages (front and back pay), lost compensation and fringe benefits in an amount to be determined by a jury;

On Count Three, grant Plaintiff general and compensatory damages for annoyance, inconvenience, embarrassment, humiliation and emotional distress suffered by Mr. Wolford as a direct and proximate result of Defendant's conduct;

On Counts Three, grant Plaintiff punitive damages in an amount to be determined by a jury and sufficient to deter future improper conduct and to punish the Defendant for its reckless and willful actions;

Prejudgment and post-judgment interest on all amounts allowed by law;

All costs incurred in pursuing this action;

Attorney fees; and

Such other relief as this Court deems fair and proper in the interest of justice.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.**

                PLAINTIFF, ELDEN WOLFORD,
                By Counsel,

<u>s/Hoyt Glazer</u>
Hoyt Glazer, Esq. (WV Bar #6479)
GLAZER SAAD ANDERSON L.C.
320 Ninth Street, Suite B
Huntington, West Virginia 25701
(304) 522-4149
hoyt@gsalaw-wv.com