IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ELDEN WOLFORD,

           Plaintiff,

v.                                     CIVIL ACTION NO.   3:21-0592

CARDINAL HEALTH, INC.,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Amend Complaint. ECF No. 17. Plaintiff filed his complaint in this case on November 8, 2021, and seeks to add a defamation claim against Defendant. The Scheduling Order provides that the parties' amended pleadings were due by April 12, 2022. Defendant opposed the Motion, arguing that Plaintiff cannot state a valid defamation claim. ECF No. 20. For the following reasons, the Court **GRANTS** this Motion. ECF No. 17.

**BACKGROUND**

Plaintiff filed his complaint on November 8, 2021, alleging: 1) violations of the Family and Medical Leave Act of 1993 (FMLA); 2) retaliation for exercising rights and engaging in protected conduct under the FMLA; and 3) retaliatory discharge. ECF No. 1. Plaintiff was employed by Defendant when his wife suffered a brain bleed and a stroke in August of 2021. Plaintiff alleges he informed his supervisor that he would be unable to report for work because he needed to care for his wife. His supervisor acknowledged him and informed Plaintiff that he would need to contact the HR representative to start his leave. Plaintiff requested an application for FLMA, but he never received one. Plaintiff remained off work from August 25, 2021, when his wife first became ill,

until September 3, 2021. He was under the understanding that his absences to care for his wife were excused. On September 7, 2021, he reached out to HR to inform them that he would not need FMLA because his daughter became available to care for his wife. However, Plaintiff was informed that he was suspended with pay on September 10, 2021. Then, he was informed that he was terminated on September 14, 2021, for "unexcused absences."

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and directs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Generally, a court should grant leave to amend a pleading unless it would result in prejudice to the opposing party, the motion was brought in bad faith, or permitting amendment would be futile. *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (citation omitted); *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (citation omitted).

## DISCUSSION

Defendant asserts that Plaintiff cannot state a claim for the tort of defamation against Defendant, and thus, his amendment to his complaint is futile and his Motion to Amend must be denied. The Fourth Circuit has recognized that, on motions to amend, district courts can deny such motions as futile when the proposed amended complaint would not withstand Rule 12(b)(6) scrutiny. *In re Triangle Capital Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021). Thus, the Court must look to the motion to dismiss standard to determine whether such an amendment would be futile.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957), which

was long used to evaluate complaints subject to 12(b)(6) motions. 550 U.S. at 563. In its place, courts must now look for "plausibility" in the complaint. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id*. (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail. In *Iqbal*, the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 556 U.S. at 678 (internal quotation marks and citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Supreme Court continued by explaining that, although factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, this tenet does not apply to legal conclusions. *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis,

drawing upon the court's own judicial experience and common sense. *Id*. at 679. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)). The Supreme Court further articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

In West Virginia, the elements of a successful defamation claim are:

1) Defamatory statements

2) A non-privileged communication to a third party

3) Falsity

4) Reference to the plaintiff

5) At least negligence on the part of the publisher

6) Injury

*Crump v. Beckley Newspapers*, 320 S.E.2d 70, 77 (W. Va. 1983). The Court finds that, here, Plaintiff has alleged sufficient facts to support a claim for defamation. Specifically, Plaintiff alleges that:

1) Defendant accused him of vandalism, a crime

2) Such accusations were nonprivileged and made to third parties

3) The accusations were false

4) The accusations were about Plaintiff

5) Defendant knew of the falsity of these accusations, or they were made with reckless disregard for the truth

6) Plaintiff has suffered harm from these accusations

At this stage, Plaintiff has plead sufficient facts to establish the elements for a claim for defamation. Thus, the amendment is not futile.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Amend Complaint. ECF No. 17.

The Court **DIRECTS** the Clerk to file the Proposed Amended Complaint in Exhibit 1 as Plaintiff's Amended Complaint. ECF No. 17-1.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:   April 21, 2022

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE